**CLAYTON MANUFACTURING COMPANY, a California Corporation, Plaintiff,**

v.

**Janice Meyer CLINE, an Individual, and the Estate of Edwin Lee Cline, Deceased, Defendants.**

Civil No. 76–1976–HP.

United States District Court, C. D. California.

Dec. 14, 1976.

Harold L. Jackson, Albin H. Gess, Jackson & Jones Law Corp., Tustin, Cal., for plaintiff.

E. Roderick Cline, Christie, Parker & Hale, Pasadena, Cal., Pamela Rymer, Toy & Rymer, Green, Lasser & Smothers, Los Angeles, Cal., for defendants.

## ORDER OF DISMISSAL WITH LEAVE TO AMEND

PREGERSON, District Judge.

This matter is before the court on defendants' motion to dismiss pursuant to F.R. Civ.P. 12(b)(6) on the ground that the complaint fails to state a claim upon which relief can be granted. Plaintiff Clayton Manufacturing Co. (Clayton) alleges in its complaint that defendants, Mrs. Janice Meyer Cline and the Estate of Edwin Lee Cline, deceased, are liable for violations of Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1 and 2.

Although the complaint fails adequately to allege the nature of trade and commerce involved and contains generalized allegations of restraint of trade and attempted monopolization, it does direct specific charges toward a contract between Clayton and Mr. & Mrs. Edwin Lee and Janice Meyer Cline. Clayton alleges that this contract unreasonably restrains trade because it requires Clayton to pay royalties on expired

patents. Plaintiff also argues, although the point is not clearly stated in the complaint, that the contract violates the antitrust laws in that royalties are to be paid on a percentage of the gross sales of patented and unpatented products. Clayton further alleges that the Clines used their unexpired patents as leverage to force Clayton into accepting the royalty provisions in the contract.

The complaint may well state a claim for patent misuse, see *Brulotte v. Thys Company,* 379 U.S. 29, 85 S.Ct. 176, 13 L.Ed.2d 99 (1964); *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 395 U.S. 100, 89 S.Ct. 1562, 23 L.Ed.2d 129 (1969). But patent misuse does not necessarily equal a *per se* antitrust violation, see *Berlenbach v. Anderson and Thompson Ski Co.,* 329 F.2d 782 (9th Cir. 1964); *Bendix Corporation v. Balax, Inc.,* 471 F.2d 149, 154 (7th Cir. 1972) where the Seventh Circuit said: "Every patent misuse does not constitute a *per se* antitrust violation, excusing proof of precise damage or foreclosing inquiry into reasonableness." Faced with allegations similar to those in the instant case, the Supreme Court stated in *Zenith Radio Corp., supra,* 395 U.S. at 140, 89 S.Ct. at 1585:

> Whether the trial court correctly determined that [defendant] was conditioning the grant of patent licenses upon the payment of royalties on unpatented products has not yet been determined by the Court of Appeals. And if there was such patent misuse, it does not necessarily follow that the misuse embodies the ingredients of a violation of either § 1 or § 2 of the Sherman Act . . . .

As stated in the Report of the Attorney General's National Committee to Study the Antitrust Laws 254 (1955):

> We reject the view that any violation of patent law necessarily violates the antitrust laws. From some abuses of patent policy may flow consequences not drastic enough to meet antitrust prerequisites of effect on competition. In addition, many patent abuses are more effectively curbed by simply denying equitable relief as a matter of patent policy. . . . To say that action beyond the borders of the

patent grant is a *per se* antitrust violation is to ignore the Supreme Court's distinction between the variant statutory standards of the Sherman, Federal Trade Commission and Clayton Acts as well to repudiate the body of interpretations distinguishing between offenses unreasonable *per se* and those not.

In *Northern Pacific Railway Company v. United States,* 356 U.S. 1, 5, 78 S.Ct. 514, 518, 2 L.Ed.2d 545 (1958), the Supreme Court set out the scope of and the policy behind a *per se* antitrust violation:

> Although [the Sherman Act's § 1] prohibition is literally all-encompassing, the courts have construed it as precluding only those contracts or combinations which "unreasonably" restrain competition. [citations]
>
> However, there are certain agreements or practices which because of their pernicious effect on competition and lack of any redeeming virtue are conclusively presumed to be unreasonable and therefore illegal without elaborate inquiry as to the precise harm they have caused or the business excuse for their use. * * Among the practices which the courts have heretofore deemed to be unlawful in and of themselves are price fixing, [citation] division of markets, [citation] group boycotts, [citation] and tying arrangements, [citation].

Clayton argues that its contract with the Clines is illegal *per se* under the antitrust laws because it falls within the category of tying arrangements. For a tying arrangement to exist there must be two distinct products, services, or marketable ideas to be tied. *International Manufacturing Co. v. Landon, Inc.,* 336 F.2d 723 (9th Cir. 1964). In the tying cases cited by plaintiff, the patentee used his economic leverage to force the licensee to purchase additional products, services, or marketable ideas, e. g., *United States v. Loew's, Inc.,* 371 U.S. 38, 45, 83 S.Ct. 97, 9 L.Ed.2d 11 (1962), (block-booking of motion pictures); *Zenith Radio Corp. v. Hazeltine Research, Inc., supra,* 395 U.S. 106, 89 S.Ct. 1562 (block-licensing of patents). The problem

here is that an expired patent is not a marketable product; its purported sale confers no rights beyond those owned by the public at large. Since expired patents, as such, have no real commercial value, the payment of royalties based on future sales of an entire line of products that practice in part the teachings of expired patents is, for practical purposes, merely a method for computing the consideration to be paid for use of unexpired patents and other saleable items. Although this method of computation might bring the transaction within the doctrine of patent misuse, it is not the classic tying arrangement that constitutes a *per se* violation of the Sherman Act. Tying arrangements "are an object of anti-trust concern for two reasons—they may force buyers into giving up the purchase of substitutes for the tied product [citations], and they may destroy the free access of competing suppliers of the tied product to the consuming market [citation]." *United States v. Loew's, Inc., supra,* 371 U.S. at 45, 83 S.Ct. at 102. None of these reasons apply here because there are no marketable substitutes for and no competing suppliers of expired patents. In short, there exists no market in expired patents that can be monopolized.

■ The court having concluded that an agreement to pay royalties based on future sales of an entire line of products that practice in part the teachings of expired patents is not the classic tying arrangement that constitutes a *per se* violation of the antitrust laws, the allegations in the complaint of the existence of such an agreement do not, without more, state a substantive violation of the Sherman Act. Since plaintiff's complaint contains no other facts or theories of anti-competitive acts, and damages suffered as a proximate result of such acts, the first and second causes of action must be dismissed for failure to allege the requisite elements of a Section 1 or 2 violation. *Moraine Products v. ICI American, Inc.,* 379 F.Supp. 261, 267 (N.D.Ill. 1974); *Bendix Corporation v. Balax, Inc.,* 471 F.2d 149 (7th Cir. 1972). Since the remaining causes of action are pendent claims, they too should be dismissed. *Unit-*

*ed Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). In light of this ruling defendant Estate of Edwin Lee Cline's motion to dismiss based on California Probate Code §§ 707 and 716 is moot.

IT IS THEREFORE ORDERED that defendants' motion to dismiss for failure to state a claim upon which relief can be granted is hereby granted with twenty days' leave to amend.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order, by United States mail, upon the attorneys of record for the parties appearing in this cause.